SHAMELL MARY LAVIGNE

VERSUS

TYRELL MATTHEW BRAUD

NO. 21-CA-508

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 38,901, DIVISION "E"
HONORABLE ALVIN TURNER, JR., JUDGE PRESIDING

December 22, 2021

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Hans J. Liljeberg

**<u>AFFIRMED</u>**
   **RAC**
   **JGG**
   **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLEE,
SHAMELL MARY LAVIGNE
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLANT,
TYRELL MATTHEW BRAUD
    Ebony L. Cavalier

**CHAISSON, J.**

In this case arising from a child custody dispute, Tyrell Matthew Braud appeals an April 6, 2021 judgment of the trial court awarding sole custody of the minor child, A.E.B., to Shamell Mary Lavigne. For the following reasons, we affirm the judgment of the trial court.

**BACKGROUND**

The minor child A.E.B. was born in January of 2015 to Mr. Braud and Ms. Lavigne, who were unwed but cohabitating at the time. Sometime in 2018 the parties terminated their cohabitation arrangement. In May of 2018, Mr. Braud was arrested and charged with domestic abuse battery of Ms. Lavigne. Mr. Braud subsequently entered a plea of *nolo contendere* to this charge and was sentenced by the court for the crime of domestic abuse battery on July 10, 2019.

On August 21, 2018, Ms. Lavigne filed a Petition for Custody, Visitation, Child Support and Medical/Dental Insurance Reimbursement in which she suggested an award of joint custody would be in A.E.B.'s interest, with herself as domiciliary parent and reasonable visitation by Mr. Braud. She also made a request for child support. In his answer to this petition, Mr. Braud also requested joint custody of A.E.B., but proposed a 50/50 split joint domiciliary arrangement to be shared between them. On November 5, 2018, the parties entered into a stipulated agreement whereby they agreed that pending results from DNA testing Mr. Braud would have physical custody of A.E.B. every other weekend.

On January 24, 2019, Ms. Lavigne filed a Petition for Sole Custody, Child Support, and other Ancillary Relief wherein she stated for the first time the allegations of family violence perpetrated by Mr. Braud, including his pending criminal charge for domestic abuse battery, as well as a prior September 25, 2013 guilty plea of family violence assault against his former spouse in Texas. Ms.

Lavigne requested that she be granted sole custody of A.E.B. pursuant to La. R.S. 9:364. She also requested additional child support and maintenance.

On April 1, 2019, the parties entered into another stipulated judgment whereby the parties agreed to share joint custody of A.E.B. with Ms. Lavigne designated as domiciliary parent and Mr. Braud having physical custody on alternating weekends. Mr. Braud was also ordered to pay additional child support. The judgment provided that all provisions from the prior judgments not inconsistent with the April 1, 2019 judgment would remain in effect.

On March 20, 2020, Mr. Braud filed a Motion for Modification of Child Custody and Child Support wherein he stated that it would be in the best interest of A.E.B. for him to be awarded an increase in visitation with a modified 2-2-3 visitation schedule, but with Ms. Lavigne remaining the domiciliary parent. Mr. Braud also argued that there had been a material change in circumstances since the second stipulated judgment, and he therefore sought a reduction in the child support payments he owed as well as a modification of educational expenses.

In response to this motion, on June 17, 2020, Ms. Lavigne filed an Opposition to Motion for Modification of Custody, Reconventional Demand to Modify Child Support, Child Custody, and Motion for Contempt wherein she reiterated her allegations of the history of family domestic violence perpetrated by Mr. Braud, and again requested sole custody of A.E.B. pursuant to La. R.S. 9:364 due to domestic violence, as well as a modification of child support.

Both motions came before the court at a February 3, 2021 hearing. The only issue considered by the trial court at that time was the modification of custody of A.E.B. After considering the evidence and testimony of the witnesses, the trial court found that Mr. Braud had proven that there had been a material change in circumstances. However, the court also found that his actions constituted a history of family violence under La. R.S. 9:364 and accordingly granted sole custody of

A.E.B. to Ms. Lavigne. The trial court further found that, because Mr. Braud had submitted proof of his completion of a domestic abuse intervention program since the last incident of abuse, that under La. R.S. 9:341 he would be allowed unsupervised visitation with A.E.B. every other weekend from 6:30 p.m. on Friday through 6:30 p.m. on Sunday. The trial court stated that it found Mr. Braud had proven by a preponderance of the evidence that such visitation was in A.E.B.'s best interest, considering the factors of La. C.C. art. 134, and would not cause physical, emotional, or psychological damage to A.E.B.

On appeal, Mr. Braud raises the following assignments of error:

1. Whether the lower Court erred in granting Shamell Mary Lavigne sole custody;

2. Whether Tyrell Braud overcame the presumption of La. R.S 9:364;

3. Whether Tyrell Braud's legal joint custodial rights should have been restored upon overcoming the presumption of La. R.S. 9:364;

4. Whether the lower Court should have awarded Tyrell Braud shared custody; and

5. Whether the lower Court failed to ensure frequent and continuing contact between Tyrell Braud and the parties' minor child.

The first four assignments primarily concern the award of sole custody to Ms. Lavigne rather than joint custody to the parties and whether the trial court properly interpreted and applied La. R.S. 9:364 and La. R.S. 9:341. We consider these assignments of error *en globo* in our discussion below before proceeding to the final assignment of error of whether the trial court failed to ensure Mr. Braud's frequent and continuing contact with A.E.B.

**DISCUSSION**

On appeal, Mr. Braud does not contest the factual findings of the trial court, but rather the trial court's interpretation and application of La. R.S. 9:364 and La. R.S. 9:341, which are questions of law. An appellate court reviews questions of law *de novo* to determine whether the trial court was legally correct or incorrect.

*A & A Mech., Inc. v. Satterfield & Pontikes Const. Grp., LLC*, 11-0784 (La. App. 4

Cir. 1/11/12), 83 So.3d 363, 366. The starting point in the interpretation of any

statute is the language of the statute itself, as what a legislature says in the text of a

statute is considered the best evidence of its intent and will. *Glorioso v. City of*

*Kenner*, 19-298 (La. App. 5 Cir. 12/18/19), 285 So.3d 601, 603, *writ denied*, 20-

0120 (La. 3/9/20), 294 So.3d 484. It is a fundamental principle of statutory

interpretation that when a law is clear and unambiguous and its application does

not lead to absurd consequences, the law shall be applied as written, and no further

interpretation may be made in search of the intent of the legislature. La. C.C.

art. 9.

La. R.S. 9:364 is the provision of the Post-Separation Family Violence

Relief Act concerning child custody and visitation. It states in pertinent parts:

> A. There is created a presumption that no parent who has a history of
> perpetrating family violence, as defined in R.S. 9:362, or domestic
> abuse, as defined in R.S. 46:2132, or has subjected any of his or
> her children, stepchildren, or any household member, as defined
> in R.S. 46:2132, to sexual abuse, as defined in R.S. 14:403, or has
> willingly permitted another to abuse any of his children or
> stepchildren, despite having the ability to prevent the abuse, shall
> be awarded sole or joint custody of children. The court may find a
> history of perpetrating family violence if the court finds that one
> incident of family violence has resulted in serious bodily injury or
> the court finds more than one incident of family violence.

> B. The presumption shall be overcome only if the court finds all of the
> following by a preponderance of the evidence:

> (1) The perpetrating parent has successfully completed a court-
> monitored domestic abuse intervention program as defined in
> R.S. 9:362, or a treatment program designed for sexual abusers,
> after the last instance of abuse.

> (2) The perpetrating parent is not abusing alcohol or using illegal
> substances scheduled in R.S. 40:964.

> (3) The best intterest of the child or children, considering the
> factors listed in Civil Code Article 134, requires the
> perpetrating parent's participation as a custodial parent
> because of the other parent's absence, mental illness, substance
> abuse, or other circumstance negatively affecting the child or
> children.

…

    E. If the court finds that a parent has a history of perpetrating family violence, the court shall allow only supervised child visitation with that parent pursuant to R.S. 9:341.

Mr. Braud argues that the trial court erred in its application of La. R.S. 9:364 because it did not address whether Mr. Braud overcame the presumption articulated in Section A through the operation of Section B, or, in other words, that in finding that Mr. Braud had successfully completed the domestic abuse intervention program and finding that unsupervised visitation would be in the best interest of the child, the court must have found the requirements of Section B to be met and therefore Section A to be inapplicable. This argument is without merit.

In finding that Mr. Braud had a history of perpetrating family violence, the court in its reasons for judgment particularly stated that it credited the live testimony of Ms. Lavigne concerning violent incidents to which she had been subjected. Upon this factual finding, the trial court correctly applied the provision of Section A in denying Mr. Braud joint custody of A.E.B. As is clearly stated in the statute, the presumption of Section A may only be overcome if *all* of the conditions of Section B are proven by a preponderance of the evidence. The trial court clearly found that Mr. Braud had met the condition set forth in Section B, Subsection (1) by providing his certificate of completion of the domestic violence intervention program. The only evidence in the record concerning Subsection (2) are statements by both parties that Mr. Braud does not abuse alcohol or illegal substances. However, there is clearly no finding pursuant to Subsection (3) that, because of Ms. Lavigne's absence, mental illness, substance abuse, or other circumstances negatively affecting A.E.B., it would be in the best interest of A.E.B. that Mr. Braud participate as a custodial parent. Mr. Braud did not introduce into the record any evidence relating to Ms. Lavigne's absence, mental

illness, substance abuse, or other negative circumstances. His equating the trial court's finding that it would be in the best interest of A.E.B. that he be allowed unsupervised visitation is not equivalent to the determination required under Subsection (3) that it is in the best interest of A.E.B. that he be a custodial parent. This interpretation is contrary to the plain language of the statute. Because Mr. Braud failed to show by a preponderance of the evidence all of the requirements set forth in Section B, we find no error in the trial court's application of La. R.S. 9:634 in this instance.

In making the factual finding that it was in the best interest of A.E.B. for Mr. Braud to have unsupervised visitation, the trial court was following the provision of Section E of La. R.S. 9:364 cited above, which mandates that, upon a finding that a parent has a history of perpetuating violence, the court should only allow supervised visitation with that parent pursuant to La. R.S. 9:341. That statute states in pertinent part:

> A. Whenever the court finds by a preponderance of the evidence that a parent has subjected any of his or her children or stepchildren to family violence, as defined in R.S. 9:362, or domestic abuse, as defined in R.S. 46:2132, has subjected any other household member, as defined in R.S. 46:2132, to a history of family violence as defined in R.S. 9:364(A), or has willingly permitted such abuse to any of his or her children or stepchildren despite having the ability to prevent it, the court shall allow only supervised visitation between the abusive parent and the abused child or children until such parent proves by a preponderance of the evidence at a contradictory hearing that the abusive parent has successfully completed a court-monitored domestic abuse intervention program, as defined in R.S. 9:362, since the last incident of domestic violence or family abuse. At the hearing, the court shall consider evidence of the abusive parent's current mental health condition and the possibility the abusive parent will again subject his children, stepchildren, or other household member to family violence or domestic abuse, or willingly permit such abuse to any of his or her children or stepchildren despite having the ability to prevent it. The court shall order visitation only if the abusive parent proves by a preponderance of the evidence that visitation would be in the best interest of the child, considering the factors in Civil Code Article 134, and would not cause physical, emotional, or psychological damage to the child. Should visitation be allowed, the court shall order such restrictions, conditions, and safeguards

necessary to minimize any risk of harm to the child, including continued supervision. All costs incurred in compliance with the provisions of this Section shall be borne by the abusive parent.

At the hearing of this matter, the trial court found that Mr. Braud had proven by a preponderance of the evidence that he had successfully completed a court-monitored domestic abuse intervention program and that visitation would be in the best interest of A.E.B. considering the factors articulated in Civil Code Article 134. Upon such findings, the trial court determined that no further restrictions were necessary to minimize the risk of harm to A.E.B., and therefore determined that it would not require Mr. Braud's visits with A.E.B. to be supervised.  We find no error in the trial court's application of La. R.S. 9:341.

Lastly, Mr. Braud asserts that the trial court erred in failing to ensure frequent and continuing visitation in accordance with La. R.S. 9:335(2)(a), which requires that the implementation order in a custody decree shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.  Mr. Braud's reliance on this statute is misplaced.  By its own title and the language of the statute itself, La. R.S. 9:335 is only applicable to joint custody decrees, which is not the case here since the trial court made an award of sole custody pursuant to La. R.S. 9:364.[1]  Because we find this statute inapplicable in this instance, the trial court did not err in failing to issue its custody order in accordance with its requirements.  This assignment of error is without merit.

**CONCLUSION**

Upon our *de novo* review, having found no error in the trial court's

---

[1] La. R.S. 9:335 states,"[i]n a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown. …"

interpretation or application of La. R.S. 9:364 or La. R.S. 9:341 to the facts of this case, we affirm the April 6, 2021 judgment of the trial court.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 22, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-508

**E-NOTIFIED**
23RD JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ALVIN TURNER, JR. (DISTRICT JUDGE)
EBONY L. CAVALIER (APPELLANT)

**MAILED**
SHAMELL MARY LAVIGNE (APPELLEE)
39050 BILTMORE AVENUE
GONZALES, LA 70737